**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000474
25-MAR-2015
08:41 AM**

NO. CAAP-12-0000474

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LYNETTE K. NIAU AND LEEDON K. WHITE, SR.,
Plaintiffs-Appellants, v.
QUICK LOAN FUNDING; CITIGROUP GLOBAL MARKETS
REALTY CORP., and DOES 2-30, Defendants-Appellees,
and ARCH BAY HOLDINGS, LLC - SERIES 2009C,
Cross-Claimant-Appellee, v.
QUICK LOAN FUNDING; CITIGROUP GLOBAL MARKETS
REALTY CORP., Cross-Claim Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0390)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Plaintiffs-Appellants Lynette K. Niau (**Lynette**) and
Leedon K. White, Sr. (**Leedon**) (collectively, **Appellants**) appeal
from the Judgment filed on April 10, 2012 (**Judgment**) in the
Circuit Court of the First Circuit (**Circuit Court**),[1] and
challenge the Circuit Court's order granting summary judgment in
favor of Defendant/Cross-Claimant-Appellee Arch Bay Holdings,
LLC, Series 2009C (**Arch Bay**) and against Appellants.

Appellants raise three points of error on appeal,
contending that the Circuit Court erred in: (1) granting Arch
Bay's motion for summary judgment in light of Appellants' claims

_____

[1] The Honorable Bert I. Ayabe presided.

of Truth In Lending Act (**TILA**) violations and Appellants' notice of rescission; (2) concluding that there were no genuine issues of material fact regarding alleged violations under Chapter 480, Hawaii Revised Statutes (**HRS**), which included claims of fraud, unfair and deceptive acts and practices, and breach of contract; and (3) concluding that there were no genuine issues of material fact regarding Appellants' ability to pay the alleged outstanding debt.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows:

(1) "TILA provides two remedies for loan disclosure violations—rescission and civil damages, each governed by separate statutory procedures." Meritt v. Countrywide Fin. Corp., 759 F.3d 1023, 1029-30 (9th Cir. 2014) (footnote omitted). We first address Appellants' claim for damages under TILA.

> The declared purpose of [TILA] is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); see Mourning v. Family Publications Service, Inc., 411 U.S. 356, 363-368, 93 S.Ct. 1652, 1657-1660, 36 L.Ed.2d 318 (1973). Accordingly, [TILA] requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights. See §§ 1631, 1632, 1635, 1638.

Haw. Cmty. Fed. Credit Union v. Keka, 94 Hawai'i 213, 223, 11 P.3d 1, 11 (2000) (quoting Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412-13 (1998)). 15 U.S.C. § 1632(a) (2012) provides:

> (a) Information clearly and conspicuously disclosed; "annual percentage rate" and "finance charge"; order of disclosures and use of different terminology
> Information required by this subchapter shall be disclosed clearly and conspicuously, in accordance with regulations of the Bureau. The terms "annual percentage rate" and "finance charge" shall be disclosed more conspicuously than other terms, data, or information provided in connection with a transaction, except information relating to the identity of the creditor. Except as provided in subsection (c) of this section, regulations of the Bureau need not require that disclosures pursuant to this subchapter be made in the order set forth in this subchapter and, except as otherwise provided, may

permit the use of terminology different from that employed in this subchapter if it conveys substantially the same meaning.

15 U.S.C. § 1632(a); see also 12 C.F.R. § 1026.18.

Here, Appellants alleged in the Complaint, and in opposition to summary judgment, that the loan transaction involved "inconsistent and confusing disclosure statements with materially misstated annual percentage rate disclosures and materially misstated itemizations of amounts financed[.]"

The Federal Truth-In-Lending Disclosure Statement dated February 21, 2007 listed the following: (1) an APR of 12.814%; (2) a Finance Charge of $1,214,300.84; (3) an Amount Financed of $407,177.81; (4) a Total of Payments of $1,621,478.65; (5) the number of monthly payments; (6) the amount of each monthly payment; and (7) the due dates of each monthly payment. The Itemization of Amount Financed dated February 21, 2007 listed the total Amount Financed as $407,177.81 and a Prepaid Finance Charge of $21,722.19.

The only other evidence Appellants presented in support of their allegations that the loan documents and disclosures were "inconsistent and confusing" and contained "materially misstated annual percentage rate disclosures and materially misstated itemizations of amounts financed" was Lynette's Declaration, which merely recited the same allegations. On appeal, Appellants restate these allegations, citing only to Lynette's Declaration and to the argument section of the memorandum in opposition to Arch Bay's Motion for Summary Judgment.

> Federal courts have held that "[t]he legal inquiry about the quality of disclosure is not directed at whether the credit consumer was actually confused or misled. . . . The court must engage only in an objective inquiry into the violation of specific provisions of TILA requirements." Jenkins v. Landmark Mortgage Corp. of Virginia, 696 F. Supp. 1089, 1095 (W.D.Va.1988) (citing Powers, 542 F.2d at 1219).
> Nevertheless, it has been acknowledged that "[s]trict compliance does not necessarily mean punctilious compliance if, with minor deviations from the language of [TILA], there is still a substantial, clear disclosure of the fact or information demanded by the applicable statute or regulation." Smith v. Chapman, 614 F.2d 968, 972 (5th Cir. 1980). Thus, in ruling that a particular manner of disclosure violated TILA, the courts have invariably discussed why the disclosure was confusing, misleading, or

otherwise potentially detrimental to the borrower.  <u>See,</u>
<u>e.g.</u>, <u>Jenkins</u>, <u>supra</u>.

<u>Keka</u>, 94 Hawai'i at 225, 11 P.3d at 13.  Appellants do not
specify in what way the loan documents were "inconsistent and
confusing" or how they "materially misstated annual percentage
rate disclosures and materially misstated itemizations of amounts
financed."  For example, Appellants did not state what the
correct APR should have been or allege that the itemization of
amounts financed omitted certain amounts that should have been
listed.

Hawai'i Rules of Civil Procedure (**HRCP**) Rule 56(e)
provides, in relevant part:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party **may not rest upon**
> **the mere allegations** or denials of the adverse party's
> pleading, but the adverse party's response, by affidavits or
> as otherwise provided in this rule, must set forth **specific**
> **facts** showing that there is a genuine issue for trial.  If
> the adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

(Emphases added).  Appellants' bare allegations and the
conclusory statements in Lynette's Declaration are insufficient
to create a genuine issue of material fact as to whether TILA
violations occurred.[2]

Arch Bay also argues that Appellants' Complaint for
TILA damages was untimely and must fail as a matter of law.  We

---

[2]  <u>See</u>, <u>e.g.</u>, <u>Hous. Fin. & Dev. Corp. v. Castle</u>, 79 Hawai'i 64, 91,
898 P.2d 576, 603 (1995) ("Bare allegations or factually unsupported
conclusions are insufficient to raise a genuine issue of material fact, and
therefore, insufficient to reverse a grant of summary judgment.") (citation
omitted); <u>Briggs v. Hotel Corp. of Pac., Inc.</u>, 73 Haw. 276, 281 n.5, 831 P.2d
1335, 1339 n.5 (1992) ("Memorandum of counsel and an affidavit that is merely
an assertion of conclusions which are filed by the non-moving party are not
sufficient to raise a genuine issue of material fact on a motion for summary
judgment.") (citation omitted); <u>Henderson v. Prof'l Coatings Corp.</u>, 72 Haw.
387, 401, 819 P.2d 84, 92 (1991) ("A party opposing a motion for summary
judgment cannot discharge his or her burden by alleging conclusions, 'nor is
he entitled to a trial on the basis of a hope that he can produce some
evidence at that time.'  10A Wright, Miller & Kane, Federal Practice and
Procedure, Civil 2d § 2727 (1983)."); <u>Chuck Jones & MacLaren v. Williams</u>, 101
Hawai'i 486, 501, 71 P.3d 437, 452 (App. 2003) (plaintiffs' "conclusory
statements [in a declaration], in and of themselves and devoid of specific
supporting facts, were not sufficient to raise [a] genuine issue of material
fact[,]" and "[b]ecause these statements were the only averments in opposition
to the motion[,]" the court affirmed the granting of summary judgment.).

agree. Under 15 U.S.C. § 1640,[3] civil liability claims for TILA damages must be brought "within one year from the date of the occurrence of the violation[.]" 15 U.S.C. § 1640. Such claims are subject to the one-year statute of limitations set forth in § 1640(e), not the extended three-year rescission period set forth in 15 U.S.C. § 1635(f) (2012).[4] Additionally,

> For violations of TILA's disclosure requirements, the period begins to run "when the plaintiffs executed their loan documents, because they could have discovered the alleged disclosure violations and discrepancies at that time." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011) (citing 15 U.S.C. § 1640(e)); see also King v. California, 784 F.2d 910, 915 (9th Cir. 1986) (stating that the limitations period begins to run from the date of consummation of the loan). . . . Plaintiff's TILA damages claim is time-barred unless Plaintiff can demonstrate that equitable tolling applies.

Young v. Bank of N.Y. Mellon, 848 F. Supp. 2d 1182, 1191-92 (D. Haw. 2012); see also Rowland v. Novus Fin. Corp., 949 F. Supp. 1447, 1455 (D. Haw. 1996) ("[T]he one-year statute of limitations runs from the date on which the parties consummated the loan[,] . . . absent some showing by the Plaintiff that the court should toll the period because the Defendant fraudulently concealed its disclosure violations.") (citation omitted).

Appellants executed the loan documents on February 21, 2007. Appellants filed the Complaint on February 22, 2010.

---

[3] 15 U.S.C. § 1640(e) provides, in relevant part:

> (e) Jurisdiction of courts; limitations on actions; State attorney general enforcement
> Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation[.]

[4] See, e.g., Young v. Bank of N.Y. Mellon, 848 F. Supp. 2d 1182, 1191 (D. Haw. 2012) ("Claims for damages under TILA are subject to a one-year statute of limitations."); Basham v. Fin. America Corp., 583 F.2d 918, 927 (7th Cir. 1978) ("Failure to bring an action for [TILA] damages within the one-year limitation period bars the action."); Iroanyah v. Bank of Am., N.A., 851 F. Supp. 2d 1115, 1121 (N.D. Ill. 2012) ("Although a three-year limitations period governs rescission claims based on a failure to comply with TILA's notice and disclosure requirements, a damage claim must be brought within one year of the alleged violation.") (citing 15 U.S.C. § 1640(e)); Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1007 (N.D. Cal. 2009); Brown v. Nationscredit Fin. Servs. Corp., 349 F. Supp. 2d 1134, 1137 (N.D. Ill. 2005); Rodriques v. Members Mort. Co., 323 F. Supp. 2d 202, 210 (D. Mass. 2004); Wiggins v. AVCO Fin. Servs., 62 F. Supp. 2d 90, 97 (D.D.C. 1999).

Thus, their TILA damages claims were time-barred under 15 U.S.C. § 1640(e).

We next address Appellants' purported rescission of the Note and Mortgage.

> One protection available to consumers under TILA is a right of rescission in any consumer credit transaction in which a security interest is acquired in property used as the principal dwelling of the person to whom credit is extended; this "buyer's remorse" provision extends for three business days following consummation of the transaction or delivery of the relevant disclosures to the consumer. 15 U.S.C. § 1635(a).[5]
>
> TILA requires that creditors clearly and conspicuously disclose information regarding the right to rescind and provide borrowers with appropriate forms to exercise this right. 15 U.S.C. § 1635(a). Where a creditor fails to make the required disclosures under TILA, the act extends the borrower's right to rescind for three years after consummation of the subject transaction. 15 U.S.C. § 1635(f).

E. Sav. Bank, FSB v. Esteban, 129 Hawai'i 154, 157-58, 296 P.3d 1062, 1065-66 (2013) (footnotes omitted).

> Regulation Z, issued by the Federal Reserve Board, implements TILA's requirements and describes the right of rescission as follows:
>> The consumer may exercise the right to rescind until midnight of the third business day following the occurrence described in paragraph (a)(1) of this

---

[5] 15 U.S.C. § 1635(a) (2012) provides:

(a) Disclosure of obligor's right to rescind
    Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

section that gave rise to the right of rescission, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. *If the required notice and material disclosures are not delivered, the right to rescind shall expire 3 years after the occurrence giving rise to the right of rescission, or upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. . . .*

12 C.F.R. § 226.15(a)(3) (emphasis added).

This court previously described the contours of TILA's requirements and remedies in Hawaii Community Federal Credit Union v. Keka, 94 Hawai'i 213, 11 P.3d 1 (2000), where we explained:

> [ ] TILA requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights. Failure to satisfy TILA subjects a lender to criminal penalties for noncompliance, . . . as well as to statutory and actual damages traceable to a lender's failure to make the requisite disclosures. . . .
>
> Going beyond these rights to damages, TILA also authorizes a borrower whose loan is secured with his principal dwelling, and who has been denied the requisite disclosures, to rescind the loan transaction entirely, until midnight of the third day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later. TILA provides, however, that the borrower's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, even if the required disclosures have never been made. TILA gives a borrower no express permission to assert the right of rescission as an affirmative defense after the expiration of the 3-year period.

94 Hawai'i at 223, 11 P.3d at 11 (internal citations, quotation marks, and brackets omitted).

Id. at 158 n.7, 296 P.3d at 1066 n.7 (brackets and ellipses in original).

Appellants here argue that the three-year extended rescission period is applicable because the loan documents allegedly contained "inconsistent and confusing disclosure statements that misstated their annual percentage rates and itemizations of amounts financed."[6] Courts have held that "[t]he right to rescind is not dependent upon the one year statute of

---

[6] Appellants do not contend that they did not receive proper notice of their right to rescind the loan.

limitations period for a claim for damages. Thus, appellants may have a right to rescind even though their claim for damages is barred by the statute of limitations in 15 U.S.C. [§] 1640(e)." Rudisell v. Fifth Third Bank, 622 F.2d 243, 248 (6th Cir. 1980) (footnote and internal citation omitted). However, because Appellants' argument that they were entitled to rescind was based on the premise that TILA violations occurred, and Appellants failed to raise a genuine issue of material fact as to whether such violations occurred, Appellants failed to raise a genuine issue of material fact as to whether they were entitled to the three-year extended rescission period. Thus, their right to rescind expired on February 26, 2007, three business days after the consummation of the loan transaction, and the purported rescission through the November 21, 2008 letter was untimely and ineffective. Accordingly, the Circuit Court did not err in determining that there are no genuine issues of material fact as to Appellants' claims that they were entitled to TILA damages from Arch Bay or they had properly rescinded the Note and Mortgage under TILA.

(2) Appellants contend that Arch Bay's predecessor, Quick Loan, engaged in "numerous unfair and deceptive acts and practices, including placing [Appellants] in a more expensive loan than they previously had," falsified their loan application, and failed to verify Appellants' income.

As this court recently noted:

> An injury resulting from a[n unfair or deceptive act or practice] must be "fairly traceable to the defendant's actions." Flores v. Rawlings Co., LLC, 117 Hawai'i 153, 167 n.23, 177 P.3d 341, 355 n.23 (2008) (citation and internal quotation marks omitted). Hawai'i Rules of Civil Procedure Rule 9(b) requires all averments of fraud or mistake to set forth circumstances constituting fraud or mistake with particularity. "The rule is designed, in part, to insure the particularized information necessary for a defendant to prepare an effective defense to a claim which embraces a wide variety of potential conduct." Larsen v. Pacesetter Sys., Inc., 74 Haw. 1, 30, 837 P .2d 1273, 1288 (1992), amended on reh'g in part, 74 Haw. 650, 843 P.2d 144 (1992) (citation omitted). General allegations are insufficient, "[a] plaintiff must state the circumstances constituting fraud or mistake with particularity (e.g., allege who made the false representations) and specify the representations made." Larsen, 74 Haw. at 30-31, 837 P.2d at 1288 (citing

8

Ellis v. Crockett, 51 Haw. 45, 59, 451 P.2d 814, 823 (1969)).

Agard v. Deutsche Bank Nat. Trust Co., No. CAAP-13-0002872, 2015 WL 337254 at *2 (App. Jan. 26, 2015) (SDO) (reconsideration denied, No. CAAP-13-0002872, 2015 WL 630973 (App. Feb. 12, 2015)).

HRS § 480-3.1 (2008) limits civil liability to "[a]ny person, firm, company, association, or corporation violating any of the provisions of section 480-2[.]" See also Young, 848 F. Supp. 2d at 1192-93 (holding that allegations of HRS Chapter 480 violations, "even if supported by evidence, are legally insufficient as to any Defendant other than [the originating lender].") It is undisputed that Arch Bay was not involved in the original loan transaction and was not the originating lender. Thus, Arch Bay cannot be held liable for damages under HRS Chapter 480 based on Quick Loan's purported acts. Similarly, Arch Bay cannot be held liable for Quick Loan's purported fraud, as it made no representations, false or otherwise, to Appellants regarding the loan origination and consummation.[7]

Citing HRS § 480-12,[8] Appellants also argue that, even if Arch Bay cannot be held liable for HRS Chapter 480 damages, the alleged violations rendered the Note and Mortgage void and unenforceable. This court has held that

> [a] contract or agreement in violation of HRS Chapter 480 is void and unenforceable. See HRS § 480-12. [Debtor's] mortgage and loan transaction fell "within the ambit of HRS [Chapter] 480, inasmuch as (1) a loan extended by a financial institution is activity involving conduct of any trade and commerce and (2) loan borrowers are consumers within the meaning of HRS § 480-1 [(2008 Repl.)]." Hawaii Cmty. Fed. Credit Union v. Keka, 94 Hawai'i 213, 227, 11 P.3d 1, 15 (2000) (internal quotation marks omitted); Am.

---

[7]    See, e.g., Seki ex rel. Louie v. Haw. Gov't Emp. Ass'n, AFSCME Local No. 152, AFL-CIO, 133 Hawai'i 385, 407 n.33, 328 P.3d 394, 417 n.33 (2014) ("A claim for fraud involves 'a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment.'") (citing Fisher v. Grove Farm Co., 123 Hawai'i 82, 116, 230 P.3d 382, 416 (App. 2009)); Keka, 94 Hawai'i at 230, 11 P.3d at 18.

[8]    HRS § 480-12 (2008) provides:

> § 480-12 Contracts void. Any contract or agreement in violation of this chapter is void and is not enforceable at law or in equity.

Sav. Bank, F.S.B. v. Riddel, No. CAAP-11-0000559 (App. June 27, 2014) (mem).

Agard, 2015 WL 337254 SDO at *2.

Although Appellants provided various documents related to the Note and Mortgage, they do not point to any evidence to support their allegations or specify where in the included documents the violations occurred. Lynette's Declaration, the only other evidence provided, contained only conclusory allegations. The Declaration did not specify in what way the disclosure statements were "inconsistent and confusing" or how the annual percentage rates and itemizations of amounts financed were misstated in the disclosure statements. It also lacked any specific statements about how the loan application was "falsified," and did not point to any particular documents in the record for support.[9] Thus, Appellants failed to raise a genuine issue of material fact as to whether the Note and Mortgage were void and unenforceable due to HRS Chapter 480 violations.[10]

(3) Appellants argue that the Circuit Court erred in determining that there were no genuine issues of material fact regarding Appellants' ability to pay the alleged outstanding debt. However, Appellants failed to provide any evidence of TILA

---

[9] In contrast, in Karpeles, the borrowers alleged that they were presented with a completed Uniform Residential Loan Application

> and that they signed the form but did not notice that the form falsely stated that their combined monthly income was $9,500, when in fact, their combined monthly income was $2,547. [The borrowers] also claimed that after signing the Notice of Right to Cancel, they were handed blank copies which differed from the notices that they had signed.

Karpeles Manuscript Library v. Duarte, 129 Hawaiʻi 90, 91, 294 P.3d 1076, 1077 (App. 2013). This court did not reach the merits of the borrowers' HRS Chapter 480 claims in that case.

[10] In contrast, in Keka, the supreme court held that even though the record contained "very scanty evidence of the circumstances surrounding the [debtors'] loan transaction[,]" the debtors' averments were sufficient to raise a genuine issue of material fact as to whether the lender negotiated the loan in a deceptive manner. Keka, 94 Hawaiʻi at 229, 11 P.3d at 17. The debtors specifically alleged that prior to closing, the Credit Union loan officer represented that the loan would bear a seven and one-fourth percent interest rate rather than the nine percent rate actually charged at closing, and that at the time of closing, the loan officer represented that it would be "no problem" to lower the rate "when the in house rate changes," which the Credit Union later disavowed. Id. at 227, 11 P.3d at 15.

disclosure violations other than Lynette's conclusory Declaration. <u>Cf.</u> <u>Karpeles</u>, 129 Hawai'i at 91-92, 294 P.3d at 1077-78 (borrowers provided evidence to support their TILA claims by attaching as an exhibit copies of the two notices of right to cancel they received, which both "lacked a signature for an Acknowledgment of Receipt and lacked a date informing [borrowers] of the time period in which they might exercise their right to cancel"). Because they were unable to show any TILA disclosure violations, Appellants were not entitled to TILA's extended three-year rescission period under 15 U.S.C. § 1635(f), and their right to rescind lapsed on February 26, 2007 under 15 U.S.C. § 1635(a). Insofar as Appellants were no longer entitled to rescission when they sent the November 21, 2008 letter purporting to rescind to Quick Loan and Citigroup, Appellants' ability to repay the outstanding balance was not at issue on summary judgment. We conclude that the Circuit Court did not err in declining to find any genuine issue of material fact as to whether Appellants were able to repay the outstanding balance.

For these reasons, the Circuit Court's April 10, 2012 Judgment is affirmed.

DATED: Honolulu, Hawai'i, March 25, 2015.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
Daisy Lynn B. Hartsfield
for Plaintiffs-Appellants

Jade Lynne Ching
J. Blaine Rogers
(Alston Hunt Floyd & Ing)
for Cross-Claimant-Appellee
ARCH BAY HOLDINGS, LLC-SERIES
2009c

Chief Judge

Associate Judge

Associate Judge